J-S07025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LOUIS TYLER | : | |
| | : | |
| Appellant | : | No. 926 EDA 2017 |

Appeal from the PCRA Order February 21, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0101801-1998

BEFORE: BENDER, P.J.E., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 16, 2018**

Louis Tyler appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, denying his serial petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Following a robbery and shooting at a nightclub, Appellant was convicted of attempted murder, aggravated assault, and related crimes. The court sentenced him to 132½ – 265 years' incarceration on January 6, 2000. Appellant did not file a direct appeal. Appellant has since filed several meritless PCRA petitions. Appellant filed this petition on February 26, 2016. The PCRA court issued Pa.R.Crim.P 907 notice, and thereafter denied Appellant's petition. This timely appeal is now before us.

Prior to reaching the merits of Appellant's claims, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Appellant's judgment of sentence became final on February 5, 2000, when his 30-day window for filing a notice of appeal with this Court expired. *See* Pa.R.Crim.P. 720(A)(3); 42 Pa.C.S.A. § 9545(b)(3). Appellant acknowledges that this petition—filed over sixteen years later on February 24, 2016—is patently untimely. *See* Appellant's Brief, at 12. Thus, the PCRA court lacked jurisdiction to review Appellant's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within 60 days of the date the claim could have first been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

Appellant relies on § 9545(b)(1)(i) and (ii). To prove the governmental interference exception, a petition must prove his "failure to raise the claim previously was the result of interference by government officials with the

presentation of the claim in violation of the Constitution[.]" 42 Pa.C.S.A. § 9545(b)(1)(i). The newly discovered fact exception relies on a showing that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

Appellant alleges the government has interfered with his ability to present his claim by failing to furnish him with trial transcripts. In the same breath, Appellant asserts he recently discovered said transcripts do not exist. Appellant avers that his mother located a letter from the Court Reporter's Office, dated August 26, 2010, which was addressed to Appellant. The letter informed Appellant that the Court Reporter's Office does not retain notes of testimony beyond seven years after the transcripts have been filed with the clerk of courts, and that the Office did not have his transcripts.

Despite these assertions, Appellant has failed to prove either exception. Appellant fails to show any governmental interference in presenting a meritorious claim for PCRA relief. The transcripts are not newly discovered facts, either—as the PCRA court points out, Appellant "was present at both the jury trial and at sentencing, and therefore, the trial and sentencing transcripts are simply new sources for information previously known to him." PCRA Court Opinion, filed 2/21/17, at 3. And Appellant's sentencing occurred more than sixteen years before he filed the instant PCRA petition. Appellant was certainly aware he did not have possession of the trial transcripts *years* before filing this petition. Indeed, the letter Appellant attached to his PCRA

petition shows he had requested such transcripts in 2010. Appellant has failed to demonstrate he acted with due diligence in pursuing this claim. Therefore, Appellant cannot claim an exception to the PCRA's time-bar. Accordingly, we affirm the PCRA court's order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/16/18